Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GOBIERNO MUNICIPAL AUTÓNOMO DE FAJARDO<br><br>Recurridos<br><br>V.<br><br>FRAMAR DISTRIBUTORS CORPORATION Y OTROS<br><br>Recurrida<br><br>RAQUEL LÓPEZ GONZÁLEZ, ALBERTO LÓPEZ GONZÁLEZ, NELSON LÓPEZ GONZÁLEZ, CARMEN DE LOURDES LÓPEZ GONZÁLEZ Y CARMEN GONZÁLEZ MÉNDEZ<br><br>Peticionarios | KLCE202401293 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K EF2015-0061<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta; la Juez Domínguez Irizarry, la Juez Lebrón Nieves, y la Juez Rivera Marchand

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

El 27 de noviembre de 2024, compareció ante este Tribunal de Apelaciones la señora Raquel López González, el señor Alberto López González, el señor Nelson López González, la señora Carmen López González y la señora Carmen González Méndez (en adelante y en conjunto, parte peticionaria), por medio de recurso de *Certiorari*. Mediante este, nos solicita que revisemos la *Orden* emitida el 10 de julio de 2024 y notificada el 17 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción de Sentencia Sumaria* presentada por la parte apelante.

Número Identificador

SEN2024 _____

Por los fundamentos que se exponen a continuación, se expide el auto de *certiorari* y se confirma el dictamen recurrido.

**I**

El caso de epígrafe tiene su génesis en una *Demanda* sobre expropiación forzosa instada el 9 de junio de 2015, por el Municipio de Fajardo. De entrada, nos compete destacar que, esta es la tercera ocasión que la parte peticionaria recurre ante esta Curia dentro del mismo pleito judicial. Adoptamos por referencia el trámite procesal del caso plasmado en la *Resolución* emitida por este panel el 25 de septiembre de 2023, en el caso con designación alfanumérica KLCE202300895. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

En la *Resolución* emitida el 25 de septiembre de 2024, resolvimos que, los asuntos traídos a nuestra consideración ya habían sido previamente adjudicados. En particular, que la parte peticionaria no tenía injerencia alguna en el pleito de epígrafe, conforme a los resuelto por el foro *a quo*.

Pese a lo resuelto por este Tribunal, la parte peticionaria continuó presentando sendas mociones ante el foro primario. En lo pertinente, presentó una *Moción Solicitando se dicte Sentencia Final o que se Señale Vista Argumentativa,* la cual fue declarada No Ha Lugar por el foro *a quo*. Subsiguientemente, presentó la *Moción de Sentencia Sumaria* y la *Moción Solicitando que se Dé por Sometido Sin Oposición la Moción de Sentencia Sumaria del 29 de abril de 2024.* Ambas fueron declaradas No Ha Lugar por el Tribunal de Primera Instancia. Respecto a la solicitud de sentencia sumaria, el foro recurrido expresó que, el caso tenía sentencia final y firme.

Inconforme, la parte peticionaria presentó *Moción de Reconsideración,* que fue declarada No Ha Lugar por la primera instancia judicial.

Aún en desacuerdo, la parte peticionaria acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

- Erró el Tribunal de Primera Instancia al rechazar de plano una Moción de Sentencia Sumaria en violación a la Regla 36 y en ausencia de sentencia final, firme y apelable dictada en el presente caso, contrario a lo afirmado por el tribunal en los últimos años, negándose a dictar sentencia final y apelable, disponiendo de la totalidad [sic.] caso mediante resoluciones interlocutorias.

- Erró el Tribunal al disponer del fondo de compensación depositado bajo custodia judicial en ausencia de Sentencia Final como lo manda la Sección 5(a) de la Ley General de Expropiación Forzosa, 32 L.P.R.A. § 2907; la Sección 5(b) de la Ley General de Expropiación Forzosa, 32 L.P.R.A. § 2908; la Sección 6 de la Ley General de Expropiación Forzosa, 32 L.P.R.A. §2911; y las interpretaciones del Tribunal Supremo en materia de Expropiación Forzosa, Autoridad de Hogares v. Corte, 68 D.P.R. 54, 66 (1948), citando a Catlin v. United States, 324 U.S. 229 (1945) y las Reglas 58.5 y 58.9 de Procedimiento Civil.

- Erró el Tribunal al negarse a dictar una SENTENCIA FINAL, según lo requiere la Ley General de Expropiación Forzosa, la Regla 58 de Procedimiento Civil y el debido proceso de ley, decretando los derechos de todas las partes.

El 12 de diciembre de 2024, compareció Framar Distributors Corp. (en adelante, parte recurrida), por medio de *Moción de Desestimación del Certiorari*. En esencia, señaló que, la parte peticionaria mediante su recurso pretendía relitigar asuntos que ya habían sido adjudicados. De igual forma, sostuvo que, el recurso de *certiorari* había sido presentado de forma temeraria y que, adolecía del defecto de ser tardío debido a que atacaba órdenes, resoluciones y sentencias que eran finales y firmes. Añadió que, la parte peticionaria carecía de legitimación activa, puesto que, tanto el foro recurrido como este Tribunal habían resuelto que no tenía injerencia en la controversia. Asimismo, adujo que a pesar de lo resuelto, la parte peticionaria insistía, obstinada y temerariamente, en contravenir y hacer caso omiso a las determinaciones judiciales que eran finales, firmes e inapelables.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[1] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Doctrina de la Ley del Caso

En nuestra jurisdicción, los derechos y obligaciones adjudicados mediante un dictamen judicial que adviene final y firme constituyen ley del caso. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020); *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606 (2000); *Sánchez Rodríguez v. López Jiménez*, 118 DPR 701, 704 (1987). Esos derechos y obligaciones "gozan de finalidad y firmeza" para que las partes en un pleito puedan proceder "sobre unas directrices confiables y certeras". *Mgmt. Adm. Servs. Corp. v. ELA*, supra, págs. 607-608. Por lo tanto, de ordinario las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse. *Íd*; *Berkan et al. v. Mead Johnson Nutrition*, supra, págs. 200-201; 18 *Moore´s Federal Practice 3rd* Sec. 134.20, págs. 134-152 (1999); *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 8-9 (2016).

El Tribunal Supremo de Estados Unidos ha expresado que la doctrina de la ley del caso "dirige la discreción del tribunal, no limita su poder". *Arizona v. California*, 460 US 605, 618 (1983). ("This doctrine directs a court's discretion; it does not limit the tribunal's power"). *Íd.*, pág. 9.

En específico, las determinaciones judiciales que constituyen la ley del caso *incluyen todas aquellas cuestiones finales consideradas y decididas por el Tribunal. Félix v. Las Haciendas*, supra, pág. 843. Estas determinaciones, como regla general, obligan tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración. *Íd.*; *Berkan et al. v. Mead Johnson Nutrition*, supra, pág. 201. Así, nuestro Tribunal Supremo ha expresado que la doctrina solo puede invocarse cuando exista una *decisión final* de la controversia en sus méritos. (Cita omitida). *Félix v. Las Haciendas*, supra, pág. 843.

Ahora bien, esta doctrina no es un mandato inflexible, sino que recoge la costumbre deseable de que las controversias adjudicadas por un tribunal sean respetadas. *Mgmt. Adm. Servs. Corp. v. E.L.A.*, supra, pág. 607. En situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, ese foro puede aplicar una norma de derecho distinta. *Félix v. Las Haciendas*, supra, pág. 844; *Berkan et al. v. Mead Johnson Nutrition*, supra, pág. 201; *Mgmt Adm. Servs. Corp. v. E.L.A.*, supra, pág. 608. En *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755 (1992), nuestra última instancia judicial sostuvo, haciendo referencia a lo resuelto en *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 222 (1975), que un segundo juez de un foro primario podría cambiar la determinación de un primer juez en el mismo caso si esta produce resultados claramente injustos. (Citas omitidas). *Cacho Pérez v. Hatton Gotay,* págs. 9-10.

Al fin y al cabo, la "doctrina de la 'ley del caso' es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin". *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 136, 141 (1967). En vista de la anterior pauta jurídica, el Alto Foro ha colegido que solo cuando se presenta un atentado contra los principios básicos de la justicia, es que los tribunales pueden descartar la aplicabilidad de la doctrina de la "ley del caso". (Citas omitidas). *Cacho Pérez v. Hatton Gotay*, supra, pág. 10; *Berkan et al. v. Mead Johnson Nutrition*, supra, pág. 201.

Esbozada la norma jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla al recurso ante nos.

**III**

Es nuestra postura que, los errores señalados por la parte peticionaria son producto de un intento temerario y contumaz de relitigar asuntos que ya fueron adjudicados con finalidad, tanto por

el Tribunal de Primera Instancia, como por este Tribunal de Apelaciones.

Conforme fue resuelto por este Foro en la *Resolución* emitida el 25 de septiembre de 2023, la parte peticionaria no es parte con interés en el pleito de epígrafe. Lo anterior, en consonancia con lo previamente resuelto por el foro *a quo*. Asimismo, mediante la denegatoria de plano de la moción de sentencia sumaria presentada por la parte peticionaria, el Tribunal de Primera Instancia reiteró de forma acertada, la falta de legitimación para que esta continúe intentando inmiscuirse en los procedimientos del caso de epígrafe. De igual manera, el foro primario hizo hincapié en que el caso tenía una sentencia final y firme. Por tanto, la parte peticionaria se encuentra imposibilitada de pretender que vuelva a adjudicarse un asunto que ya ha sido resuelto con finalidad.

Nuestro ordenamiento jurídico dispone que, los derechos y obligaciones adjudicados mediante un dictamen judicial que adviene *final y firme* constituyen la ley del caso.[2] Es por lo que, las controversias que han sido adjudicadas por el foro de primera instancia o por un tribunal apelativo no pueden reexaminarse.[3]

**IV**

En vista de lo anterior, y conforme lo resuelto anteriormente por este Tribunal de Apelaciones y el Tribunal de Primera Instancia, nos corresponde nuevamente aplicar la doctrina de la ley del caso. Consecuentemente, se expide el auto de *certiorari* y se confirma el dictamen recurrido.

Notifíquese.

---

[2] *Berkan et al. v. Mead Johnson Nutrition*, supra, pág. 200; *Félix v. Las Haciendas*, supra, pág. 843; *Mgmt. Adm. Servs. Corp. v. ELA*, supra, pág. 606; *Sánchez Rodríguez v. López Jiménez*, supra, pág. 704.
[3] *Cacho Pérez v. Hatton Gotay*, supra, págs. 8-9; *Berkan et al. v. Mead Johnson Nutrition*, supra, págs. 200-201.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones